## GEO. HAYDEN v. W. D. CRAIG et al.

**Horse Left in Lieu of Another Taken by Military Order.**

The horse left in lieu of one taken by military order became the property of the owner of the one taken, when accepted, and is not subject to lawful military capture.

Where a horse is taken under military order and against the owner's will, and converted to an officer's private use, he is liable for its value.

APPEAL FROM MONTGOMERY CIRCUIT COURT.

March 8, 1867.

OPINION OF THE COURT BY JUDGE HARDIN:

Although the mare in controversy may have been owned by Ford and used by him as a soldier in the army of the so-styled Confederate States in the war with the United States, if he abandoned her on the appellant's premises intending that appellant might have her in lieu of his horse at the same time taken out of his possession by Ford without his consent and against his will, and the appellant thereafter accepted, kept, and claimed the mare as his own property, she was not, while so held and claimed by him, the subject of lawful military capture. And if Craig without compulsion, although with the consent of Mathy, his superior officer, took her from appellant against his will, by the war of military force under his control, and converted her to his private use the appellant was entitled to recover against him; and if he and Hally jointly converted her to their use, both of them became liable to such recovery. The ruling of the court as to the instructions given and refused seems to us to have been materially

in conflict with this view of the law of the case, and is, therefore, deemed erroneous.

Therefore, the judgment is reversed, and the cause remanded for a new trial and further proceedings not inconsistent with this opinion.